

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-09-00138-CR

_____

OSWALD HENDERSON JONES, JR., Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 336th Judicial District Court
Fannin County, Texas
Trial Court No. 22913

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM  OPINION

Oswald Henderson Jones, Jr., appeals from his conviction by a jury for the offense of aggravated assault with a deadly weapon.   TEX. PENAL CODE ANN. § 22.02(a)(2) (Vernon Supp. 2009).   The offense was enhanced,[1] and he was sentenced to seventy-five years' imprisonment and a $10,000.00 fine.   He was represented by appointed counsel at trial and on appeal.   After voir dire, and as trial was about to commence, Jones demanded to represent himself at trial.   The court admonished him, obtained a written waiver, and allowed him to represent himself with appointed counsel on standby.   Jones continued to represent himself, questioning witnesses and raising various objections, until the State's seventh witness had completed his testimony, at which point Jones asked the trial court to allow his appointed counsel to take over representation for the remainder of the case.   Counsel then completed the trial.

Jones's attorney on appeal has filed a brief which discusses the record and reviews the proceedings in detail.   Counsel has thus provided a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced.   This meets the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1981); and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978).

Counsel mailed a copy of the brief to Jones on January 26, 2010, informing Jones of his right to file a pro se response and of his right to review the record.   Counsel has also filed a motion

---

[1] The enhancement was a felony committed in 1991 for aggravated sexual assault on a child.

with this Court seeking to withdraw as counsel in this appeal. Jones has neither filed a pro se response, nor has he requested an extension of time in which to file such response.

We have determined that this appeal is wholly frivolous. We have independently reviewed the clerk's record and the reporter's record, and we agree that no arguable issues support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

In a frivolous appeal situation, we are to determine whether the appeal is without merit and is frivolous, and if so, the appeal must be dismissed or affirmed. *See Anders*, 386 U.S. 738.

We affirm the judgment of the trial court.[2]

Bailey C. Moseley
Justice

Date Submitted: April 13, 2010
Date Decided: April 14, 2010

Do Not Publish

---

[2]Since we agree this case presents no reversible error, we also, in accordance with *Anders,* grant counsel's request to withdraw from further representation of Jones in this case. No substitute counsel will be appointed. Should Jones wish to seek further review of this case by the Texas Court of Criminal Appeals, Jones must either retain an attorney to file a petition for discretionary review or Jones must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals along with the rest of the filings in this case. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.